UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS BROWN, #756854,

        Plaintiff,                                           Case No. 17-cv-12515

vs.                                                        HON. MARK A. GOLDSMITH

RHONDA HOWARD, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    Introduction

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Rufus Brown ("Plaintiff"), confined at the Cooper Street Correctional Facility in Jackson, Michigan, alleges that prison officials failed to properly deliver legal mail to him. Specifically, he states that he did not timely receive a copy of a decision denying him federal habeas relief, which was issued on October 31, 2016, and that the delay affected his ability to timely file an appeal. Plaintiff asserts a violation of his right of access to the courts. Plaintiff names several prison officials and the Michigan Department of Corrections as the defendants in this action and seeks declaratory relief, injunctive relief, and monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fees for this action pursuant to 28 U.S.C. § 1915(a)(1).

### II.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

1

monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to summary dismissal.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999). To state a §1983 claim for the denial of access to the courts, a plaintiff must allege that the deprivation of rights was the result of intentional conduct. Sims v. Landrum, 170 F. App'x 954, 957 (6th Cir. 2006); Wojnicz v. Davis, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. Collins v. City of Harker Hgts., 503 U.S. 115, 127-30 (1992). Additionally, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. Lewis, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing Jackson v. Gill, 92 F. App'x 171, 173 (6th Cir. 2004)). Examples of actual prejudice include having a case dismissed, being unable to file a complaint,

and missing a court-imposed deadline. Harbin-Bey, 420 F.3d at 578. No actual injury occurs without a showing that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented. Lewis, 518 U.S. at 354-56; Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, Plaintiff fails to allege facts showing that any delay in receiving his legal mail was the result of the defendants' conduct (as opposed to the post office's conduct for example) or that the defendants' conduct was intentional in the constitutional sense (as opposed to negligent). Conclusory allegations are insufficient to state a claim for relief under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009).

Additionally, Plaintiff fails to show that he suffered prejudice or actual injury as the result of the defendants' alleged improper conduct. In the habeas case referenced by Plaintiff, Brown v. Rivard, No. 2:12-CV-13638 (E.D. Mich.), the Court's records reveal that Plaintiff received notice of the October 31, 2016 habeas decision on March 2, 2017. See Motion for Appellate Notice Extension. Under the Federal Rules of Appellate Procedure, Plaintiff could have reopened the time for filing an appeal within the earlier of 180 days after the judgment or 14 days after receiving notice of the Court's decision. See Fed. R. App. P. 4(a)(6). For Plaintiff, the earlier date was 14 days after he received notice of the habeas decision – on or about March 16, 2017. Plaintiff, however, did not date his motion until April 3, 2017. See Motion for Appellate Notice Extension. Thus, while the delay in receiving his legal mail affected Plaintiff's habeas appeal, it did not preclude him from timely seeking to reopen the time for filing an appeal and ultimately pursuing

4

that appeal. Plaintiff fails to state a denial of access to the courts claim in his pleadings. This case must therefore be dismissed.

## III. Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court dismisses with prejudice Plaintiff's civil rights complaint. Given this determination, the Court also denies Plaintiff's motion for appointment of counsel, which was submitted with his complaint. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

SO ORDERED.

Dated: March 13, 2018　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager